

**New Jersey**
19 Engle Street
Tenafly, NJ 07670
(201) 567-4969

SILVERMAN SHIN & BYRNE PLLC
88 PINE STREET
22ND FLOOR
NEW YORK, NY 10005
212.779.8600
Facsimile: 212.779.8858

eben-dov@silverfirm.com
Direct Dial: 646-448-7106
Direct Fax: 646-448-7108

January 3, 2022

<u>Via ECF</u>

Hon. Mary Kay Vyskocil, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Room 2230
New York, NY 10007

Re:   <u>Ann Marie Feretti v. Motion PT Group</u>, *et al.*
        SDNY Docket No. 1:21-cv-5833 (MKV) (DCF)

Dear Judge Vyskocil:

This firm is counsel for plaintiff in this action.

Pursuant to Your Honor's Order of December 9, 2021 [doc. 17], the parties respectfully submit this **Joint Letter**, in conjunction with this Court's review of the proposed EPA Wage Agreement [doc. 18] and in advance of the telephonic Fairness Hearing scheduled for January 12, 2022 at 2:00 p.m., regarding their proposed settlement of plaintiff's FLSA Equal Pay Act claim.

The parties respectfully submit that the proposed settlement reflects a "fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching'" based on the factors under *Wolinsky v Scholastic Inc.*, 900 F.Supp.2d 332 (S.D.N.Y. 2012) and *Cheeks v Freeport Pancake House*, 796 F.3d 199 (2nd Cir. 2015), analyzed below.

(1)   <u>The plaintiff's range of possible recovery</u>.

Plaintiff's possible recovery for back wages and liquidated damages on her FLSA Equal Pay Act claim would range from $0 to approximately $270,000 for a 5-year period from January 2017 to December 2021. The number at the high end of the range, $270,000, is calculated based on an average of $2,235.82 per month in back wages for the 60-month period from January 2017 to December 2021, subtotaling $134,149.20, which is then doubled to include FLSA's provision for 100% of the subtotal in liquidated damages, for a total of $268,298.40.



SILVERMAN SHIN & BYRNE PLLC

Hon. Mary Kay Vyskocil, U.S.D.J.
January 3, 2022
Page 2 of 5

Plaintiff's actual recovery pursuant to the proposed settlement of the FLSA EPA claim, if approved, will be $185,000 ($75,000 in back wages, $75,000 in liquidated damages, and $35,000 in legal fees), which is 68% of the possible recovery amount of $270,000. (Plaintiff also continues to be an at-will employee of defendants, and her salary is increased as of January 1, 2022 to $170,000.00 from $160,000.00 to match the salary of the highest paid Regional Director, who is male.)

In this case, plaintiff asserts that she is more qualified, but has been paid less than, her 4 male peers from 2017-2021 based on her gender. Plaintiff is a Regional Director and her 4 male peers are also Regional Directors. All 5 of the Regional Directors are exempt and salaried; there are no claims or issues concerning the number of hours worked, classification status, or overtime.

The central issues of plaintiff's equal pay claim are whether plaintiff's job duties were equal or substantially equal to those of her male peers, and whether defendants had a compliant non-discriminatory compensation system to justify the differences in compensation among the Regional Directors. As to job duties, defendants produced alleged written job descriptions for plaintiff or the other Regional Directors, but the parties disputed when the job descriptions had been created and whether they had been distributed to plaintiff and other the Regional Directors. Plaintiff also produced evidence of overlap between her job duties and those of her male peers. However, defendants produced some evidence that some of plaintiff's job duties (responsibility for certain specialized rehabilitation disciplines within clinics) differed from those of her male peers (responsibility for overall clinic locations regardless of discipline). Additionally, defendants produced some evidence that plaintiff's job title (Regional Director for OT, Hand, & Pediatrics) was narrower than that of her male peers (general Regional Directors). As to compensation, plaintiff alleged substantial differences between her compensation and that of her male peers; defendants produced writings allegedly evidencing a written compensation system to explain these compensation differences, but the parties dispute whether those writings adequately evidenced the compensation differences or a compliant compensation system.

Based on these factual issues (and based on the risks and costs of continuing litigation as discussed further below), the parties have agreed that a compromise of 68% of the possible recovery is fair and reasonable based on factual issues which may impact summary judgment and which create risks at a jury trial for both sides.

589422v3


SILVERMAN SHIN & BYRNE PLLC

Hon. Mary Kay Vyskocil, U.S.D.J.
January 3, 2022
Page 3 of 5

(2) The extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses".

The parties efficiently exchanged substantial written discovery in order to be able to negotiate meaningful settlement terms at mediation. Written discovery is not complete, discovery disputes exist, and no depositions have been taken. The proposed settlement will enable the parties to avoid significant anticipated burdens and expenses, including but not limited to the following:

- discovery motions and completion of written discovery (defendants have produced some emails but would face substantial costs of ESI production of emails, texts, and other electronic documents)

- approximately 10-14 depositions of parties and fact witnesses with personal knowledge:
    1. plaintiff
    2. individual defendant
    3. ESI custodian of the corporate defendant
    5-8. four male comparable peer employees of plaintiff
    9. female former comparable peer employee of plaintiff
    10. direct supervisor of plaintiff and her comparable peer employees
    11. current human resources executive of the corporate defendant
    12. former human resources executive of the corporate defendant
    13. in-house counsel of the corporate defendant
    14. corporate representative of the corporate defendant, if not above

- summary judgment motion practice, if justified, after written discovery and depositions

- joint pre-trial order and other pre-trial preparation (motions *in limine*, witness lists, exhibits, *voir dire*, jury charges)

- jury trial

- prevailing fee application and other post-trial motions.

The parties estimate that the above discovery, motion practice, pre-trial, trial, and post-trial tasks would likely cost each side in excess of $250,000 in legal fees for all of the claims in this litigation (the FLSA EPA claim as well as the State and City wage and discrimination claims). The State and City wage claims are being contemporaneously settled pursuant to a confidential settlement agreement.

589422v3


SILVERMAN SHIN & BYRNE PLLC

Hon. Mary Kay Vyskocil, U.S.D.J.
January 3, 2022
Page 4 of 5

(3)   The seriousness of the litigation risks faced by the parties.

As discussed above, the factual issues concerning plaintiff's job duties and compensation compared to her comparable peers likely preclude summary judgment and create risks at a jury trial for both sides. Because plaintiff continues to be an at-will employee of defendants, her alleged back pay and liquidated damages would not end in December 2021 if litigation continues. If plaintiff prevails at trial, defendants could face exposure to additional accumulating back pay damages of $2,235.82 per month, doubled to $4,471.64 to include liquidated damages, plus pre-judgment interest and prevailing legal fees. Defendants could also face significant exposure on plaintiff's gender-based wage disparity claims brought under New York State law (which provides for a 300% multiplier for liquidated damages and prevailing legal fees) and New York City law (which provides for emotional distress damages, punitive damages, and prevailing legal fees).

(4)   Whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel".

All parties have been represented by experienced counsel in connection with the negotiation of the proposed EPA Wage Agreement and otherwise in this litigation. The undersigned plaintiff's counsel, Elana Ben-Dov, has practiced almost exclusively in the area of labor/employment law for 26 years since 1995. Defendants' counsel, Hillary Fraenkel, has practiced labor/employment law for 18 years since 2003. Both plaintiff's counsel and defendants' counsel have substantial experience handling Equal Pay Act and other Fair Labor Standards Act wage claims and issues.

The parties and their counsel participated in a full day (over 7 hours) of mediation via Zoom with an experienced mediator, Ralph Berger, Esq., whom the parties selected and agreed upon this mediator to handle their private mediation. Plaintiff herself was present and actively participated in the mediation throughout the day. Mr. Berger skillfully brought the parties together for a settlement in principle of all claims. His biography cites over 40 years of experience as an attorney, mediator, and arbitrator exclusively in the area of labor/employment law and includes experience with Equal Pay Act and other Fair Labor Standards Act claims.

(5)   The possibility of fraud or collusion.

The parties represent that they negotiated the terms of the proposed EPA Wage Agreement in good faith and that there is no known evidence of fraud or collusion.

589422v3



Hon. Mary Kay Vyskocil, U.S.D.J.
January 3, 2022
Page 5 of 5

(6) <u>Whether there is a *bona fide* dispute as to the number of hours worked or the amount of compensation due</u>.

As discussed above, plaintiff and her comparable peers are exempt and salaried; there are no claims or issues concerning the number of hours worked, classification status, or overtime.

There is a *bona fide* dispute as to the amount of compensation due: whether plaintiff's job duties were equal or substantially equal to those of her male peers, and whether defendants had a compliant non-discriminatory compensation system to justify the differences in compensation among the Regional Directors. These issues are also discussed above.

(7) <u>How much of the proposed settlement plaintiff's attorney shall be seeking as fees</u>.

The undersigned plaintiff's counsel requests approval of legal fees in the amount of $35,000 on the FLSA EPA claim. This is 18% of plaintiff's total recovery of $185,000 (including her $75,000 in back wages and $75,000 in liquidated damages) on the FLSA EPA claim, if approved. The remainder of the undersigned's legal fees are attributable to plaintiff's State and City wage and discrimination claims, for which settlement terms are memorialized in a separate agreement. The undersigned encloses her invoices, issued monthly and containing contemporaneous time entries, for the Court's review.

Accordingly, the parties request this Court's approval of the proposed EPA Wage Agreement [doc. 18] under *Wolinsky* and *Cheeks*.

Respectfully submitted,

*Elana Ben-Dov*

Elana Ben-Dov

Enclosures.

cc: Hillary A. Fraenkel, Esq., counsel for defendants (*via ecf*)

589422v3